**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FREDERICK JOHNSON,<br><br>*Plaintiff,*<br><br>v.<br><br>JOSE PAYANO, HIRSCHBACH MOTOR LINES,INC., JOHN DOE #I-V, and JOHN DOE(S) #VI-X,<br><br>*Defendants.* | CIVIL ACTION<br>NO. 25-06894 |

**Pappert, J.** **September 2, 2026**

**<u>MEMORANDUM</u>**

Frederick Johnson sued Jose Payano and Hirschbach Motor Lines, Inc., asserting a negligence claim against Payano and claims for negligent entrustment and vicarious liability against Hirschbach, for injuries Johnson sustained in a motor vehicle accident with a leased Hirschbach truck driven by Payano. Defendants moved for summary judgment as to Johnson's request for punitive damages and the Court denies the motion. Defendants may renew their arguments based on the evidence at trial.[1]

I

On December 26, 2023, Johnson and Payano collided at the intersection of Hershey Park Drive and North Lingle Avenue in Derry Township, Pennsylvania. (Compl. ¶ 8, Dkt. No. 1-1.) Payano and Robert Kohlwes, Hirschbach's General Counsel and Chief Risk Officer, testified respectively that Payano was driving a 30,000-to-

---

[1] Hirschbach also sought summary judgment on the negligent entrustment claim, but the parties stipulated to that claim's dismissal while the summary judgment motion was pending. (Dkt. Nos. 32 and 33.)

33,000-pound tractor trailer for Hirschbach as an independent contractor, (Payano Dep. 34:21-35:1, 37:10-21, Dkt. No. 38-1; Kohlwes Dep. 28:5-14, Dkt. No. 27-7). Traveling south on North Lingle Avenue, Payano stopped at the intersection and intended to make a left turn onto Hershey Park Drive. (Payano Dep. 53:1-23.) Completing a turn in the seventy-two-foot tractor trailer "need[s] a certain amount of time," (*id.* 56:14-17), and the road was wet from rain, (*id.* 49:24—50:7).

Payano was on a telephone call and using a headset. (*Id.* at 47:5—48:18.) When the light turned green, he began his turn. (*Id.* 53:1-23.) The light was a solid green, not an illuminated turn arrow, (*id.*), so oncoming traffic had the right of way, (*id.* 55:19—56:7, 62:12-16). Payano claims he did not see Johnson at first, but as he was turning, he saw Johnson coming in the opposite direction, (*id.* 53:1-23, 55:10-56:21). Payano checked his mirrors for an unidentified amount of time while turning, (*id.*, at 55:13-15; 59:17-24; 60:1-3), and the two collided, (*id.* 53:24—54-5; Johnson Dep. 42:21-25; 43:1-13, Dkt. No. 27-6). Payano did not take his foot off the accelerator until after the crash, (Payano Dep. 67:7-17), and failed to yield the right-of-way to Johnson, (*id.* 62:12-16), who testified to traveling approximately thirty-five miles per hour. (Johnson Dep. 41:1-43:24.)

Police responded to the scene and according to Dennis Bailey, one of Defendants' retained experts, the police report allegedly indicates that the prime factor in the collision was Payano's "improper/careless turning," (Bailey Dep. 40:2-15, 45:15-19, 48:5-13, Dkt. No. 38-3), and that his turn was a traffic violation, though no citation was issued, (*id.* 46:10-16, 48:5-8). Kohlwes testified to the existence of a "video of the crash" taken from an "outward facing dash cam" on the tractor trailer. (Kohlwes Dep. 8:1-2;

20:8-9, Dkt. No. 38-2.) Payano acknowledged that the video shows Johnson cresting a hill and becoming visible to the camera before Payano began turning. (Payano Dep. 56:23—61:20.) Hirschbach fired Payano, principally due to the video and his short tenure with the company. (Kohlwes Dep. 65:7-11.)[2]

II

Summary judgment is proper if the pleadings, discovery, disclosure materials and affidavits present no genuine issue of material fact and if the moving party is entitled to judgment as a matter of law. *Smathers v. Mutli-Tool, Inc./Multi-Plastics, Inc. Emp. Health & Welfare Plan*, 298 F.3d 191, 194 (3d Cir. 2002). A genuine issue of material fact exists when "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A mere scintilla of evidence in support of the nonmoving party will not suffice; there must be evidence from which a jury could reasonably find for the nonmoving party. *Id.*, at 252.[3]

Reviewing the record, a court "must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." *Prowel v. Wise Bus. Forms, Inc.*, 579 F.3d 285, 286 (3d Cir. 2009). But it may not weigh the evidence or witness credibility in considering motions for summary judgment.

---

[2] The parties did not submit either the police report or video, so the Court relies on deposition testimony describing both.

[3] The Court's Policies and Procedures, https://www.paed.uscourts.gov/sites/paed/files/documents/procedures/pappol.pdf, require parties opposing a motion for summary judgment to include a concise, paragraph-by-paragraph response to the statements of material facts. Plaintiff failed to do so, allowing the Court to accept all material facts set forth in the moving party's statement as admitted–unless controverted by the opposing party (Policies and Procedures II.D.5.) While Plaintiff failed to concisely respond to defendants' statement of material facts, he complied with Federal Rule of Civil Procedure 56(c)(1). Going forward, counsel must adhere more strictly to the Court's requirements.

*Goodman v. Pa. Tpk. Comm'n*, 293 F.3d 655, 665 (3d Cir. 2002).

III

In Pennsylvania, a jury may award punitive damages for outrageous conduct arising from a defendant's evil motive or reckless indifference to the rights of others. *Hutchison ex rel. Hutchinson v. Luddy*, 870 A.2d 766, 770 (Pa. 2005). In considering a punitive damages award, a defendant's state of mind is central, and there must be sufficient evidence to establish that "(1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." *Brand Mktg. Grp. LLC v. Intertek Testing Servs., N.A., Inc.,* 801 F.3d 347, 360 (3d Cir. 2015) (citation omitted).

Courts frequently decline to grant summary judgment with respect to punitive damages claims because the credibility of witness testimony, including the defendant's testimony about his state of mind, is better evaluated by a fact finder. *Metzger By & Through Metzger v. Osbeck*, 841 F.2d 518, 521 (3d Cir. 1988) ("A court should be reluctant to grant a motion for summary judgment when resolution of the dispositive issue requires a determination of state of mind, for in such cases much depends upon the credibility of witnesses testifying as to their own states of mind, and assessing credibility is a delicate matter best left to the fact finder.") (cleaned up); *Kozak v. Klikuszewski*, 771 F. Supp. 3d 502, 510 (M.D. Pa. 2025) (same); *see also Andrews v. D2 Logistics, Inc.,* No. 1:21-CV-869, 2022 WL 178817, at *6 (M.D. Pa. Jan. 19, 2022) ("[B]ecause the question of whether punitive damages are proper often turns on the defendants' state of mind, this question frequently cannot be resolved on the pleadings

alone, but must await the development of a full factual record at trial.") (citation omitted). Judges will deny such motions without prejudice and often return to the punitive damages question at "the end of trial with a fully developed factual record." *UPMC v. CBIZ, Inc.*, No. 3:16-CV-204, 2021 WL 1176746, at *4 (W.D. Pa. Mar. 29, 2021); *see also R.D. v. Shohola, Inc.*, No. 3:16-CV-01056, 2019 WL 6211365, at *5 (M.D. Pa. Nov. 20, 2019) (denying motions in limine seeking to exclude evidence in support of punitive damages because of the utility of "a fully developed factual record").

The Court cannot at this point find that Payano did or did not act with reckless indifference to a subjectively known risk. He was driving a multi-ton, seventy-two-foot tractor trailer in wet conditions and knew that his turn would take time to complete. (Payano Dep. 56:14-17, 49:24—50:7.) He was speaking on the phone, albeit with a headset, (*id.* 47:5—48:18), did not brake when he saw Johnson, (*id.* 67:7-17), and purportedly made an improper turn, (Bailey Dep. 46:10-16, 48:5-8). The record is unclear as to when and for how long Payano checked his mirrors (even if required to do so) during his turn, which could have diverted his attention from Johnson's approaching vehicle. (Payano Dep. 55:13-15; 59:17-24; 60:1-3.)

While Payano testified that he did not see Johnson before turning, (Payano Dep. 53:1-23), the dash-cam video apparently shows Johnson's vehicle approaching before Payano began to turn. (Pl.'s Mem. of L. in Opp'n at 6, Dkt. No. 38; Payano Dep. 57:12-60.) Whether Payano saw, or should have seen, Johnson approaching before he entered the intersection is for the jury to determine and material to whether Payano consciously disregarded a risk he subjectively appreciated before the accident.

An appropriate Order follows.

BY THE COURT:

/s/ ***Gerald J. Pappert***

GERALD J. PAPPERT, J.